UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON TAYLOR,                                                                          Plaintiff,

v.                                                          Civil Action No. 3:14-cv-588-DJH-DW

CHRIS BRANDON, et al.,                                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Chris Brandon, Rick McCubbin, Bill Sheckles, Bardstown Police Department, and City of Bardstown have moved for partial dismissal of Plaintiff Jason Taylor's claims against them, which arise out of his arrest.  (Docket No. 14)  Because the Court finds that Taylor's complaint does not contain sufficient factual allegations to support the challenged claims, the motion for partial dismissal will be granted.

## I.     BACKGROUND

The complaint alleges the following facts, which the Court accepts as true for purposes of the present motion.  On August 22, 2013, Taylor's intoxicated father-in-law attempted to drive away from Taylor's home.  (D.N. 1, PageID # 4 ¶ 10)  His father-in-law "became belligerent" when Taylor tried to prevent him from driving, and Taylor directed his wife to call police.  (*Id.* ¶ 11)  Defendant Chris Brandon and other unknown Bardstown police officers arrived shortly thereafter.  (*Id.* ¶ 12)  They struck Taylor's father-in-law with batons, and Taylor asked them to stop.  (*Id.* ¶¶ 13-14)  Brandon "threw [Taylor] to the ground," breaking Taylor's hand.  (*Id.* ¶ 16)  Taylor was then arrested.  (*Id.* ¶ 17)

Taylor originally asserted several claims under 42 U.S.C. § 1983, as well as state-law claims of assault, battery, and negligence.[1]  (*See id.*, PageID # 5-13)  He has since agreed to dismiss four of the § 1983 counts against all defendants, as well as all claims against the Bardstown Police Department and all *respondeat superior* claims against Sheckles (the mayor of Bardstown) and McCubbin (Bardstown's police chief).  (D.N. 21)  The Court's analysis will thus be limited to the remaining claims of which the defendants seek dismissal: the § 1983 claims against the City, Brandon in his official capacity, and McCubbin and Sheckles in their official and individual capacities.

## II.   STANDARD

Although presented as a motion to dismiss for failure to state a claim, the defendants' motion was filed after they answered the complaint.[2]  (*See* D.N. 4)  Rule 12(b) of the Federal Rules of Civil Procedure provides that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  The motion thus is properly construed as a motion for judgment on the pleadings pursuant to Rule 12(c).  *See Satkowiak v. Bay Cty. Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002).  This distinction is of little practical effect, as a motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Coma Ins.*

---

[1] Both Count VII and Count VIII are labeled "Assault"; however, Count VIII describes the tort of battery.  (*See* D.N. 1, PageID # 12 (alleging that defendants "intentionally, harmfully, and offensively touched" Taylor))

[2] In the alternative, the plaintiffs seek summary judgment.  (*See* D.N. 14, PageID # 65)  However, the evidence submitted with the defendants' motion pertained to claims that have now been dismissed.  (*See* D.N. 14-1, PageID # 71-73 (citing documents from Taylor's criminal proceeding in support of argument to dismiss Counts I, II, and VI))  The Court finds no need to look beyond the pleadings to address the remaining claims and thus will exclude the materials submitted by the defendants.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

*Agency v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  It is factual allegations that are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true.  *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion for judgment on the pleadings.  *Id.* at 679; *see Coma Ins. Agency*, 526 F. App'x at 467.

At the outset, the Court rejects Taylor's assertion that his claims should survive because he "has not yet had the opportunity to conduct meaningful discovery."  (D.N. 19, PageID # 19)  As the Supreme Court noted in *Iqbal*, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  556 U.S. at 678-79.  Legal conclusions will not carry a complaint past the motion-to-dismiss stage in the absence of supporting factual allegations, and a plaintiff whose complaint is deficient is not entitled to a fishing expedition for facts to support it.  *See id.*

## III.    ANALYSIS

Counts III and V of the complaint contain the claims at issue here.  In Count III, Taylor alleges that Brandon and the other officers used excessive force during his arrest.  (D.N. 1,

3

PageID # 7-8)   He asserts that McCubbin, Sheckles, and the City of Bardstown adopted practices, policies, or customs allowing the use of excessive force and that they negligently trained or supervised the officers.  (*Id.*, PageID # 8 ¶¶ 42-44)  Taylor further alleges that the City is liable under the doctrine of *respondeat superior*.  (*Id.*, PageID # 8 ¶ 45)

The latter claim can be dealt with summarily.  "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Rather, the City is liable only if a constitutional violation committed by its employee was the result of a city "policy or custom."  *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 694-95).  A plaintiff who asserts municipal liability "must adequately allege '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations.'"  *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014) (alterations in original) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).  To survive a motion for judgment on the pleadings, the complaint must contain factual allegations demonstrating that the alleged policy "is 'attributable to the municipality.'"  *Id.* (quoting *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).  As "an official-capacity claim is merely another name for a claim against the municipality," *Essex v. County of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013), the claims against Brandon, McCubbin, and Sheckles in their official capacities will also fail unless these pleading standards are met.  *See Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 635 (6th Cir. 2012) (noting that the Sixth Circuit has repeatedly upheld "the dismissal of official-capacity claims against individual

4

defendants where the government entity is a party and the plaintiff fails to demonstrate that a policy or custom of the defendant government entity played a part in the violation").

Taylor asserts that the City, McCubbin, and Sheckles "have adopted policies, practices, or customs within the Bardstown Police Department that allow, . . . the use of excessive force when other more reasonable and less drastic measures are available." His complaint offers no facts to support this assertion, however. (D.N. 1, PageID # 8 ¶ 42) Taylor merely alleges that at the time of the incident, Sheckles and McCubbin were "responsible for the promulgation and implementation" of the Bardstown Police Department's "policies, procedures and practices." (D.N. 1, PageID # 2 ¶ 3; *see also id.*, PageID # 3 ¶ 5) Likewise, he asserts that the City was "responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby." (*Id.* ¶ 6) His conclusory allegations that the defendants had an unlawful policy, unaccompanied by supporting factual allegations, "are not entitled to the assumption of truth" and do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

Taylor's bare allegation of negligent training or supervision also fails for lack of factual support. Municipal liability for failure to train exists only "where the need to act 'is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need.'" *Heyerman*, 680 F.3d at 648 (alteration in original) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Merely alleging that negligent training occurred and amounts to deliberate indifference, as Taylor has done here, is the sort of "[t]hreadbare recital[] of the elements of a cause of action" that the Supreme Court found inadequate in *Iqbal*. 556 U.S. at

678.  In short, Count III fails to state a plausible claim against the City or against McCubbin, Sheckles, and Brandon in their official capacities.

Nor does Count V, which asserts a failure to prevent harm, have sufficient factual support to survive a motion to dismiss.  In Count V, Taylor alleges that McCubbin, Sheckles, and the City, "[a]cting under color of law and pursuant to official policy or custom[,] . . . knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, discipline on a continuing basis, and/or implement appropriate policy or procedure guiding[] Defendant police officers in their duties to refrain from" a laundry list of constitutional offenses.  (D.N. 1, PageID # 9)  The remainder of the claim asserts that the defendants knew or should have known that the alleged wrongdoing was about to occur; that they had the power to prevent such acts and failed to do so; and that they approved or ratified the alleged unlawful conduct of the defendant police officers.  (*Id.*, PageID # 10)

A plaintiff who asserts a municipal policy of inaction in response to unconstitutional conduct must allege

> (1) "a clear and persistent" pattern of unconstitutional conduct by municipal employees; (2) the municipality's "notice or constructive notice" of the unconstitutional conduct; (3) the municipality's "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee.

*D'Ambrosio*, 747 F.3d at 387-88 (alterations in original) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)).  Factual allegations satisfying these requirements are nowhere to be found in Count V or any other part of Taylor's complaint.  As a result, Count V must also be dismissed.

Finally, to the extent Taylor asserts that McCubbin and Sheckles are liable in their individual capacities, his claims fail because he has not alleged that either defendant was personally involved in—or even knew about—the incident.  A supervisory official is only liable under § 1983 if he "encouraged the specific incident of misconduct or in some other way directly participated in it."  *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009)).  And the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) (emphasis removed) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).  Taylor's complaint, which contains no factual allegations indicating direct involvement by McCubbin or Sheckles, falls far short of this standard.

## IV.  CONCLUSION

Taylor's complaint fails to state a claim upon which relief may be granted with respect to the claims discussed above.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendants' motion for partial dismissal (D.N. 14) is **GRANTED**. The following claims are dismissed:

(1)    Count III against Defendant Brandon in his official capacity; and

(2)    Counts III and V against the City of Bardstown and against Defendants McCubbin and Sheckles in their official and individual capacities.

The following claims remain pending:

(1)     Counts III, VII, VIII, and IX against Defendant Brandon in his individual

capacity; and

(2)     Counts VII, VIII, and IX against the City of Bardstown, under a *respondeat*

*superior* theory.

January 19, 2016

**David J. Hale, Judge**
**United States District Court**

8